LOGGINS *v.* STATE.

(Division B.   Oct. 12, 1931.)

[136 So. 922.   No. 29640.]

R. J. Farley and T. H. McElroy, both of Oxford, for appellant.

**W. A. Shipman**, Assistant Attorney-General, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

Henry Loggins, the appellant, was convicted of carrying a concealed weapon, and appeals from said conviction.

The prosecuting witness, Billingsley, testified on direct examination that on the night involved he saw Loggins with a pistol; that he was shot by Loggins on said occasion, and that Loggins had the pistol in his hand when the witness was shot. He was then asked, "Where

did he get it from? A. From somewhere about him, I guess." He stated that about two minutes before the shooting he was walking behind the defendant, Loggins; he was then asked:

"Could you see his hand? A. Yes, sir, I could see his hand.

"Q. Did he have a pistol in his hand or not? A. No, sir, I didn't see any."

On cross-examination he stated that it was night and was very dark, and he was not especially noticing the defendant's hands, that he was not particularly watching his hands, and that he did not know where the defendant got the pistol, that he just supposed he had it on him.

The defendant and another witness testified that the defendant came out of a house where they were having a party and picked the pistol up at the foot of a rose bush in the yard, and the defendant carried the pistol in his hand until the shooting. The defendant was also asked by his attorney to state why he carried the pistol on that occasion to the place where the party was being held, to which objection was interposed by the state, and sustained by the court, which is also assigned as error.

Under the statute (Code 1930, section 855), defendant is permitted to show in defense as a complete justification for carrying the weapon certain defenses, and it was competent for the question to be asked and for the defendant to answer it as showing the justification for carrying a pistol.

It is contended that the evidence is insufficient to show that the defendant carried the weapon concealed, and we think that it is insufficient to show beyond reasonable doubt that the defendant carried the weapon concealed, giving the prosecuting witness' evidence its fullest force and effect. The witness is not certain about the proposition; he did not see the pistol; the night was dark, and he was not particularly noticing the defendant's hand. His supposition was that the defendant got the pistol

from somewhere on his person, but this was merely sup-
'position. The witness must testify to facts which the
'witness knows. Taking the prosecuting witness' evi-
dence and trying to reconcile it with the evidence for
the defendant, which is positive to the effect that the
pistol was not concealed, it was improperly submitted
to the jury, and the defendant should have had a per-
emptory instruction.

The judgment of the court below will therefore be re-
versed, and the appellant discharged.

Reversed and appellant discharged.